## William C. Hood, Appellant, v. George B. Christie, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Schuyler county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed October 11, 1917.

### Statement of the Case.

Action by William C. Hood, plaintiff, against George B. Christie, defendant, to recover under a written contract between plaintiff and defendant and one other, whereby defendant agreed to pay certain drainage assessments for plaintiff which might thereafter be levied against plaintiff's land then owned by him in consideration of the conveyance to defendant by plaintiff of a certain portion of plaintiff's land. From a judgment for plaintiff for $193.07 only, for an assessment levied prior to a sale of the land to a third person, upon trial before the court without a jury and a stipulation of facts, plaintiff appeals and defendant filed cross errors.

The contract provided that whereas Christie, Hood, Lowe and others were the owners of about 6,000 acres of swamp land in Schuyler county, and it was the intention of a majority of said owners to reclaim the same by the construction of levees, ditches, etc., and Hood had conveyed to Christie and Lowe a certain 15 acres of land therein described, therefore, in consideration of said conveyance, Christie and Lowe agreed that in case a drainage district should be organized, they would pay for said Hood or his heirs all assessments which might be levied against any lands then owned by Hood; and if such work should be done by mutual consent of the owners without the organization of a drainage district, they would pay the proportionate

share or shares of said Hood which might be charged to any lands in said territory then owned by him; provided, however, that the agreement to pay such assessments or proportionate share of said Hood should not be construed as a covenant running with said lands, but was made expressly personal to said Hood and his heirs.

Plaintiff conveyed all his land by warranty deed July 24, 1914, at which time assessments against same amounted to $193.07. The purchaser reconveyed the land by quitclaim deed to plaintiff March 25, 1916. Subsequently another assessment for $101.65 was levied against the land. Upon defendant's refusal to pay either assessment, plaintiff paid both and brought this action.

B. O. WILLARD, for appellant.

GLASS & BOTTENBERG, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

COVENANTS, § 4*—*when personal covenant discharged by conveyance not revived by reconveyance.* Where defendant for a consideration agreed to pay for plaintiff and his heirs all drainage assessments which might be levied upon plaintiff's land then owned by him, and the contract provided that it should not be construed as a covenant running with the land but as personal to plaintiff and his heirs, and plaintiff thereafter sold and conveyed said land, which later was reconveyed to him, *held* that, under the terms of such agreement, defendant was liable only as to assessments levied prior to plaintiff's conveyance of the land, and that his liability was not revived by plaintiff's repurchase of them.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.